# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GWYNN LUMPKIN AND LESLIE KRENEK, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Case No. 2:15-cv-00190 |
| ARANSAS COUNTY, TEXAS, | § § § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Gwynn Lumpkin and Leslie Krenek file this Original Complaint against Defendant Aransas County, Texas, and show as follows:

### PARTIES

1. The plaintiffs are Gwynn Lumpkin and Leslie Krenek. They are individuals and residents of Aransas County, Texas.

2. The defendant is Aransas County, Texas. It is a county government within the state of Texas, located in Aransas County, Texas. Service of process may be performed on the defendant by personal service on its county judge, Judge C. H. "Burt" Mills, Jr., Aransas County Courthouse, 301 N. Live Oak, Rockport, Texas 78382, and telephone

361-790-0100.

## JURISDICTION

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331. It presents a federal question. *See id.*

## VENUE

4. Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## FACTS

5. The plaintiffs were both employed as legal assistants in the defendant's county attorney's office in Rockport, Texas.

6. Plaintiff Lumpkin was employed by the defendant for about 12 years. Plaintiff Krenek was employed by the defendant for about 6 years. During their employment, the plaintiffs performed legal assistant job duties for the elected county attorney, Richard Bianchi, for the assistant county attorney, Deborah Bauer, and for others. Most recently, the plaintiffs performed legal assistant duties for Kristen Blanford, the defendant's county attorney elected in November 2014.

7. Each of the plaintiffs received excellent performance evaluations during their employment, including for 2014. The plaintiffs were high performers and decidedly qualified for their jobs.

8.      Deborah Bauer, the former assistant county attorney for the defendant, filed a lawsuit against the defendant in March 2014, after she was discharged from her job. That lawsuit was filed in this Court:  Case No. 2:14-cv-00075; *Deborah Bauer v. Aransas County, Texas*; In the United States District Court for the Southern District of Texas-Corpus Christi Division ("the lawsuit").  Various allegations were made by Deborah Bauer in the lawsuit concerning unlawful employment practices by the defendant.

9.      During the lawsuit, Deborah Bauer scheduled several depositions, including those of Plaintiff Lumpkin and Plaintiff Krenek. The depositions were scheduled on November 21, 2014. Deposition subpoenas were served by the plaintiff on the defendant. Richard Bianchi had recently resigned from his position as county attorney. However, Deborah Bauer knew that Richard Bianchi wanted to attend the depositions anyway. Deborah Bauer objected to Richard Binachi being present for the depositions and having access to the transcripts. She therefore filed a motion for protective order in the lawsuit to bar Richard Bianchi from being present (DE 17). One of the stated reasons for the motion for protective order was Deborah Bauer's effort to shield the Plaintiff Lumpkin and Plaintiff Krenek from retaliation by Richard Bianchi, because he had just been elected county court at law judge for the defendant and would remain in a position of authority over them (DE 17). The concern was, in part, that open and honest deposition testimony by Plaintiff Lumkin and Plaintiff Krenek would not be helpful to the defendant and

3

would potentially subject them to adverse employment actions. The Court denied the motion on November 5, 2014, which allowed Richard Bianchi to attend the depositions.

10. The depositions were taken when scheduled. Richard Bianchi attended the depositions. During the depositions, Plaintiff Lumkin and Plaintiff Krenek testified-generally-in a manner that did not support the defenses of the defendant in the lawsuit and, in fact, tended to support the allegations made by Deborah Bauer in the lawsuit. More specifically, and in part, the respective deposition testimony included testimony that showed there had been concern by one or more employees about illegal campaigning by Richard Bianchi, that the work environment was at times hostile because of general hostility between Richard Bianchi and Judge Bill Adams, general hostility between Richard Bianchi and Deborah Bauer, and matters that did not support the defendant's defense in the lawsuit with respect to Deborah Bauer being hostile toward them during her employment.

11. Further, Deborah Bauer supplemented her discovery responses in the lawsuit in December 2014 by producing to the defendant copies of text messages exchanged between Deborah Bauer and Plaintiff Lumkin and Plaintiff Krenek, respectively. The text messages were dated from about June 2013 to about December 2013. The text messages showed, generally, that the three employees were concerned about the terms and conditions of their employment, Richard Bianchi campaigning for a new political office

from his current political office, and the general competency of Richard Bianchi to serve the community in any elected position of importance.

12. Shortly after the deposition testimony and supplemented requests for production, Deborah Bauer and the defendant engaged in regular settlement negotiations throughout the month of January 2015. She filed a notice of settlement with the Court on January 30, 2015 (DE 28). That is, just a few short weeks following the depositions of Plaintiff Lumkin and Plaintiff Krenek and the supplementing of discovery with text messages exchanged between Deborah Bauer and Plaintiff Lumkin and Plaintiff Krenek, the case was settled.

13. That settlement was agreed to by the parties on Friday, January 30, 2015 (DE 28). On Monday, February 2, 2015, Plaintiff Lumkin and Plaintiff Krenek were unceremoniously fired from their jobs with the defendant.

14. The firings were motivated by the substance of the plaintiffs' deposition testimony and the substance of their speech set forth in plaintiffs' text messages exchanged between them and Deborah Bauer.

## CAUSES OF ACTION

**Count 1—Retaliation for Exercising First Amendment Rights (42 U.S.C. § 1983)**

15. The plaintiffs incorporate within Count 1 all of the allegations set forth in paragraphs 1-14, *supra*.

16. The plaintiffs were employed by defendant, which is a local governmental entity within the state of Texas. The plaintiffs were public employees.

17. The plaintiffs provided deposition testimony in the lawsuit concerning the conduct of Richard Bianchi, Deborah Bauer and others that concerned the issues alleged in the lawsuit filed by Deborah Bauer, including illegal campaigning by Richard Bianchi, potential sexual harassment by Richard Bianchi in the workplace, and other conditions of employment. In text messages produced in discovery process in the lawsuit, Plaintiff Lumkin and Plaintiff Krenek spoke about the terms and conditions of their employment with the defendant being unbearable at times because of campaigning by Richard Bianchi, hostility between Richard Bianchi and Judge Bill Adams because of the campaign, and the general incompetency of Richard Bianchi to perform the essential functions of his job as the elected county attorney. These were matters of public concern. As a result of their speech, the defendant terminated the employment of the plaintiffs.

18. The plaintiffs suffered adverse employment actions, their speech involved matters of public concern, their interest in speaking outweighed their employer's interest in promoting efficiency in workplace, and their speech motivated the defendant's adverse employment action.

19. The defendant's conduct caused damages to the plaintiffs. By this action, the plaintiffs seek reinstatement, to recover their lost wages and benefits in the past, their lost

wages and benefits in the future, their economic and non-economic damages, and all of their reasonable costs and attorney's fees incurred in this matter.

### PRAYER

20. For these reasons, Plaintiff Gwynn Lumpkin and Plaintiff Leslie Krenek respectfully requests that Defendant Aransas County, Texas, be cited to appear herein and answer, and that upon trial of this matter, have judgment against Defendant for Plaintiffs' reinstatement, damages, economic damages, non-economic damages, mental anguish damages, exemplary damages, attorney's fees, costs, pre-judgment interest, post-judgment interest, and for such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

s/Jon D. Brooks
Jon D. Brooks
Attorney-in-Charge
Federal ID 24936
State Bar No. 24004563
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710
361.885.7716 (facsimile)
www.brooksllp.com

**Attorneys for Plaintiffs Gwynn Lumpkin and Leslie Krenek**