Case 2:15-cv-00190   Document 42   Filed in TXSD on 01/03/17   Page 1 of 7
United States District Court
Southern District of Texas
**ENTERED**
January 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GWYNN LUMPKIN, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-190 |
| § | |
| ARANSAS COUNTY, TEXAS, § | |
| § | |
| Defendant. § | |

## ORDER DENYING MOTION FOR RECONSIDERATION

On August 30, 2016, this Court granted Defendant's motion for summary judgment and entered final judgment dismissing this action. D.E. 37, 38. On September 1, 2016, Plaintiffs filed their "Motion to Reconsider and/or Motion for New Trial" (D.E. 39). Defendant filed its response (D.E. 41). A timely-filed motion to reconsider is treated as a motion to alter or amend under Federal Rule of Civil Procedure 59(e), the new trial rule. For the reasons set out below, the motion is DENIED.

Plaintiffs state four objections to the judgment: (1) the Court should have treated the speech as protected under the First Amendment because a public purpose is not required; (2) the Court's reliance on Kristen Barnebey's deposition testimony is misplaced because it recites hearsay, involves statements by witnesses Plaintiffs did not have an opportunity to depose, and is impeached by her own testimony as well as Leslie Krenek's testimony in the unemployment benefits hearing; (3) the Court misunderstood the factual significance of Plaintiffs' texts as they applied to Richard Bianchi's court preparation; and (4) Plaintiffs adequately identified protected deposition testimony,

which was used for a retaliatory discharge because it did not support the County's defense of the Bauer lawsuit. The objections will be addressed in turn.

**Public purpose**. Plaintiffs complain that the Court is not permitted to require that the speech be directed to someone for purposes of public action before finding it subject to First Amendment protection. This argument is misplaced for two reasons. First, the Court did not treat that issue as dispositive. It applied a thorough content, form, and context review of the speech. All of these issues contribute to the analysis of the actual dispositive issue: whether the speech was citizen speech as a matter of public concern rather than employee speech directed only to issues of the workplace. *See Connick v. Myers*, 451 U.S. 138, 147-48 (1983). Plaintiffs' lack of interest in public action as a result of their speech is one consideration, which the Court did not treat as dispositive.

Second, the Court expressly allowed that, even if their speech were protected, Plaintiffs' retaliatory termination claims did not survive the *Pickering* test. Order, D.E. 37 at 16 (citing *Pickering v. Board of Ed. Of Township High School Dist*. 205, 391 U.S. 563, 568 (1968)). Plaintiffs have not challenged the Court's determination of the *Pickering* balancing test, which permits a public agency to terminate employment after the utterance of protected speech if the agency's interest in regulating its workplace outweighs the individual's constitutional interest in the speech. They have not demonstrated that their complaint requires a different outcome. The Court rejects Plaintiffs' first objection.

**Barnebey's Deposition Testimony**. Plaintiffs complain of the Court's consideration of Barnebey's deposition testimony because it was given too much weight,

involved hearsay, included statements from witnesses Plaintiffs did not have an opportunity to depose, and because it was impeachable. None of these issues merit reconsideration. In fact, Plaintiffs attached the Barnebey deposition in its entirety to their initial response, adopting and incorporating it by reference. D.E. 23, p. 7; D.E. 23-4.

First, the Court considered this matter—of others telling Barnebey that Plaintiffs were a negative influence on the office—along with other issues the Court deemed more concerning regarding the workplace attitude expressed by Plaintiffs, themselves, in their texts. The Court's decision is not dependent upon the specific complaints made by the Justices of the Peace or Amilynn Daniels or even Barnebey's consideration of that issue in isolation. Neither is the decision necessarily dependent upon the issue of whether Plaintiffs were forthcoming with their texts during the Bauer litigation. Barnebey's testimony on these issues is simply corroborative of what is revealed in the texts, themselves, and thus no harm can flow from its consideration.

The deposition testimony regarding other people complaining about Plaintiffs' negativity is not inadmissible hearsay. The matter was not considered for the truth of what those people said, but for Barnebey's thought process as to Plaintiffs' role in the County Attorney's office—their reaction when Barnebey confronted them with the outside opinions. Thus it does not fit the definition of hearsay under Federal Rule of Evidence 801. Plaintiffs' hearsay objection is OVERRULED.

Plaintiffs' complaint that they needed an opportunity to depose the Justices of the Peace and Amilynn Daniels comes too late. They did not make a request for relief under Federal Rule of Civil Procedure 56(d), which provides for any appropriate order

necessary to permit a non-movant to obtain the factual information required to oppose the motion. Neither did they seek an order compelling discovery.

They were fully aware of the specific testimony they now complain about—Barnebey's testimony regarding what the other people had told her, how she had confronted Plaintiffs with that information, and her thought process resulting from Plaintiffs' reaction. If Plaintiffs wanted to controvert the nature of the other persons' opinions or Plaintiffs' reaction, they could have timely requested the opportunity to depose others or offered their own affidavit testimony to controvert Barnebey's account of the confrontation.

Instead, Plaintiffs sought the exclusion of Barnebey's testimony on the basis that the people she spoke with had not been identified as witnesses. They also sought costs and attorneys fees as a discovery sanction. But Barnebey was disclosed as a witness. They did have an opportunity to depose Barnebey. And the Court has not considered any testimony from the Justices of the Peace or Amilynn Daniels and the truth of Barnebey's representations as to what those people specifically said is not at issue. Thus there is nothing to exclude for failure to identify witnesses. Any objection on that basis is OVERRULED. Plaintiffs have failed to demonstrate why the Court should prohibit Barnebey's deposition testimony when it was attached in full and incorporated into their own response. Any objection to its consideration is OVERRULED.

Plaintiffs offer additional evidence intended to impeach Barnebey's deposition testimony. They claim that she testified differently in an unemployment hearing and they attach a copy of excerpts from that transcript. Plaintiffs represent that the unemployment

hearing took place on April 15, 2015, and that Plaintiff Leslie Krenek appeared at the hearing. D.E. 39, pp. 8-10. The summary judgment motion was filed nearly a year later, on April 1, 2016, and Plaintiffs' response was due April 22, 2016. While Plaintiffs state that they intended to use the unemployment hearing for impeachment or rebuttal purposes at trial, they have not explained why they did not seek or obtain the transcript in time to use it in their summary judgment response. *See* D.E. 39, p. 8, n.3. A new trial is not warranted where the movant fails to explain why new evidence could not have been discovered with due diligence prior to the decision. *Ferraro v. Lib. Mut. Fire Ins. Co.*, 796 F.3d 529, 535 (5th Cir. 2015) (affirming denial of motion to reconsider summary judgment).

**Bianchi's Court Appearances**. Plaintiffs challenge the Court's reading of their texts. They argue that Deborah Bauer was the only prosecutor trying cases in the office. Thus, Plaintiffs could not have been sabotaging Richard Bianchi's court appearances. There is nothing in the summary judgment evidence to state that Bianchi, as the County Attorney, was not making court appearances. This argument also directly contradicts references in the texts that indicate that Plaintiffs wanted to let the court see how unprepared Bianchi was. Additionally, Plaintiffs' own motion explains why and how Bianchi began making court appearances—within the time frame of Plaintiffs' texts. Thus the Court stands by its reading of Plaintiffs' texts.

In connection with this challenge, Plaintiffs state that they "take issue with the Court's characterization of other text messages" and "asks [sic] the Court to reconsider the plaintiffs' second supplemental response. (D.E. 34)." D.E. 39, p. 15. Without a

specific complaint, the Court declines to undertake a reconsideration in the course of determining whether Plaintiffs are entitled to a reconsideration. Plaintiffs must identify the grounds for the relief they seek with sufficient specificity to allow an appropriate response and direct the Court's consideration. Fed. R. Civ. P. 59(d) (requiring notice and opportunity to respond, even where court intends to grant a new trial for a reason not otherwise stated in the motion). The global request for the Court to reconsider their response to the summary judgment motion is improper. This issue is rejected.

**Protecting Plaintiffs' Deposition Testimony**. Last, Plaintiffs contend that their terminations were retaliatory because their consistent, truthful deposition testimony was not favorable to their employer, Defendant County. In this regard, they point only to testimony that they worked well and cooperatively with Deborah Bauer. Plaintiffs do not attempt to explain their contrary written representations to Aransas County Judge, Burt Mills, in letters of February 20, 2014, written well before their respective depositions. D.E. 22-2, pp. 125-26 (Krenek's letter); D.E. 22-4, pp. 58-60 (Lumpkin's letter). In their letters, they describe working with Deborah Bauer in completely different terms, recalling bitter arguments, nit-picking, silent treatment, overbearing criticism, and an overall severe and pervasive, hostile working environment that they could not endure if Bauer were permitted to return to work.

Plaintiffs' testimony in their depositions that they claim cost them their jobs was directly contrary to representations made in their letters, upon which the County had relied in its defense against the Bauer lawsuit. It does not matter which account (deposition or letter) is the truth. What matters is that they could not have been more

contradictory, placing Plaintiffs' honesty in question. Plaintiffs cannot take their deposition testimony in isolation and claim a retaliatory discharge when there are written representations contrary to that deposition testimony.

## CONCLUSION

For these reasons, Plaintiffs' motion to reconsider (D.E. 39) is DENIED in its entirety.

ORDERED this 3rd day of January, 2017.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE